```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

KIYANTE MYERS                              CIVIL ACTION

VERSUS                                     NO: 12-2181

CLIFTON POWELL                             SECTION: R(5)
```

## ORDER AND REASONS

Before the Court is plaintiff Kiyante Myers's motion for default judgment.[1] For the following reasons, plaintiff's motion is GRANTED IN PART.

## I. BACKGROUND

Plaintiff Kiyante Myers seeks damages for assault, battery, and intentional infliction of emotional distress that she allegedly suffered at the hands of defendant Clifton Powell.[2] Plaintiff alleges that on the night of August 28, 2011, she went to defendant's hotel room, where the two began engaging in consensual sex.[3] Later that night, defendant wanted to engage in sexual relations again, but plaintiff declined, saying that defendant had been too rough the first time.[4] After convincing plaintiff to acquiesce, defendant allegedly began "pushing" and "choking" plaintiff, penetrated her anus with his fingers, and

---

[1]  R. Doc. 22.

[2]  R. Doc. 1.

[3]  *Id.* at 4.

[4]  *Id.*

forcefully continued having sex with her against her will.[5] Plaintiff alleged that this experience caused her to incur "medical and legal expenses" and to suffer "stress, emotional distress and mental pain and suffering" as well as "physical pain and suffering."[6]

Plaintiff filed this diversity action on August 31, 2012, seeking special and compensatory damages in excess of $75,000, as well as reasonable attorneys' fees and costs.[7] Defendant was served on May 21, 2013 and failed to file an answer.[8] Default was entered on June 26, 2013.[9] Plaintiff now moves for entry of default judgment.

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment must petition the court for the entry of default and show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

---

[5] *Id.*

[6] *Id.* at 5.

[7] *Id.* at 5-6.

[8] R. Doc. 22-3.

[9] R. Doc. 25.

Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. If the plaintiff's claim is for a sum certain, and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of default judgment rests within the sound discretion of the trial court. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

**III. DISCUSSION**

    **A. Jurisdiction**

Before entering judgment, the Court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001). Judgment entered in the absence of jurisdiction is void, and the court must therefore refrain from entering

3

judgment if its jurisdiction is uncertain.

Here, subject matter jurisdiction is founded upon diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff, a Louisiana citizen,[10] must meet the amount-in-controversy requirement under § 1332, and must be diverse from all defendants for diversity jurisdiction to lie. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Plaintiff alleges that defendant Clifton Powell is a California citizen.[11] Moreover, plaintiff alleges that the amount in controversy exceeds $75,000.[12] The Court therefore finds that it has subject matter jurisdiction over plaintiff's claims.

So, too, is there personal jurisdiction over defendant. A court has personal jurisdiction over a defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of jurisdiction

---

[10] R. Doc. 1 at 2.

[11] *Id.*

[12] *Id.* at 2-3. A court may only find the amount in controversy requirement not satisfied if "there is a legal certainty that the amount in controversy cannot be recovered." Wright & Miller, Fed. Prac. & Proc. Civ. § 3702 (4th ed. 2013).

4

in the case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process "when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with that state, and (2) exercising personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw*, 167 F.3d at 211 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts can be established through "specific jurisdiction, which exists when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867-68 (5th Cir. 2001) (internal quotation marks omitted).

Here, plaintiff's claims arise out of an intentional tort that occurred in Louisiana,[13] and defendant was properly served with process. Plaintiff has established that the defendant has minimum contacts with Louisiana. *See Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999) ("When a nonresident defendant

---

[13]   R. Doc. 1 at 3.

5

commits a tort within the state . . . that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit courts within that state, including federal courts, to exercise personal adjudicative jurisdiction over the tortfeasor . . . ."); La. Rev. Stat. § 13:3201(A) ("A court may exercise personal jurisdiction over a nonresident . . . as to a cause of action arising from any one of the following activities performed by the nonresident: . . . Causing injury or damage by an offense or quasi offense committed through an act or omission in this state."). Moreover, defendant has "not made any showing that litigating this matter in Louisiana presents an unreasonable burden on [him]," and the State of Louisiana has a "substantial interest" in the litigation of claims based on torts committed within its boundaries. *Guidry*, 188 F.3d at 631. Personal jurisdiction is clear.

**B. Entry of Default Judgment**

The Court now turns to whether a default judgment should be entered against defendant. The record shows that defendant was served with process on May 21, 2013, but has failed to plead or otherwise defend against plaintiff's claims.[14] Defendant has not appeared at all, despite having been mailed a copy of the Clerk of Court's June 26, 2013 order that granted plaintiff's motion

---

[14]   R. Docs. 22, 22-2, 22-3.

for the entry of default.[15] Although judgments by default are generally disfavored, see *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), the Court finds that defendant's failure to appear impedes the "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Moreover, the record does not reveal any excuse for the defendant's failure to appear. Thus, the Court will determine whether the facts alleged in the complaint, taken as true, constitute a legitimate cause of action, and if they do, the Court will enter a default judgment in favor of the plaintiff.

The Court rules that plaintiff's complaint states a *prima facie* case of assault and battery. Under Louisiana law, "[a]ssault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." La. Rev. Stat. § 14:36. A battery, in turn, is defined as "harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987). Plaintiff alleges that, "[a]fter a short period of consensual sex . . . Plaintiff began to resist Defendant Powell which was met with physical force as he pushed her face into the mattress while choking

---

[15] R. Doc. 25. That mailing was returned as undeliverable. *See* R. Doc. 26.

Plaintiff from behind."[16] Defendant then "began to penetrate [plaintiff's] anus with his fingers" and, when plaintiff tried to resist, "plac[ed] his hands over her face and grasp[ed] Plaintiff's jaw, resuming vaginal penetration . . . against her will and without her consent under the perceived threat of potential harm, until he was finished."[17] According to the complaint, then, defendant both attempted to and did engage in intentional, harmful, and offensive contact with plaintiff, thereby committing both assault and battery. *See Mouton v. Thomas*, 924 So.2d 394, 397 (La. Ct. App. 2006) (noting that "[s]triking another person" constitutes both an assault and a battery).

Plaintiff has also stated a claim for intentional infliction of emotional distress. To prevail on such a claim,

> a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

*White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). The threshold level of severity required is very high. *Smith v. Amedisys Inc.*, 298 F.3d 434, 450 (5th Cir. 2002) (citing *White*, 585 So.2d at 1209). "The distress suffered must be such that no

---

[16] R. Doc. 1 at 4.

[17] *Id.*

reasonable person could be expected to endure it." *White*, 585 So.2d at 1210. Moreover, the "conduct must be intended and calculated to cause severe emotional distress." *Id.* Here, defendant's conduct was certainly extreme and outrageous, and plaintiff has alleged that the conduct was intentional and that it caused plaintiff to suffer severe emotional distress.[18]

Accordingly, the Court will enter a default judgment against defendant for assault, battery, and intentional infliction of emotional distress.

### C. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability." *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A default judgment does not, however, establish the amount of damages that the Court will award. *Id.* ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing," unless the "amount claimed is . . . one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b) ("The court may conduct hearings or make referrals . . . when, to enter or

---

[18] *See* R. Doc. 1 at 5.

9

effectuate a judgment, it needs to . . . determine the amount of damages . . . .").

Plaintiff seeks damages for emotional distress, physical pain and suffering, and medical expenses, as well as attorneys' fees and costs.[19] Damages for pain and suffering are decidedly not "capable of mathematical calculation," *James*, 6 F.3d at 310, and so the Court requires evidentiary submissions in order to set an award of damages in this case. Plaintiff should request a concrete amount of damages for emotional distress and pain and suffering.[20] She then may submit an affidavit detailing the mental anguish and physical pain and suffering she has endured as a result of defendant's conduct, affidavits from medical professionals regarding the extent and effects of her injuries, and any other evidence that she believes will assist the Court in determining whether the requested quantum of damages is reasonable. *Cf. Cooper v. Faith Shipping*, No. 06-892, 2009 WL 1789405, at *5-6 (E.D. La. June 22, 2009) (basing award of damages for pain and suffering on (1) testimony of plaintiff regarding his injuries and the loss of enjoyment of life he had experienced because of them; and (2) affidavits from medical experts concerning plaintiff's injuries and their effects on his

---

[19] *Id.* at 5-6.

[20] To this point, plaintiff has made only a vague request for "an award commensurate with her injuries and damages." R. Doc. 22-1 at 6.

daily life).

With regard to medical expenses, plaintiff has submitted a bill from a chiropractor for $2210.00.[21] The Court finds that plaintiff has showed by a preponderance of the evidence that she incurred the expenses listed in that bill as a result of defendant's misconduct. Plaintiff is therefore entitled to $2210.00 in past medical expenses. The Court will give plaintiff an opportunity to submit documentation of any additional medical expenses she has incurred as a result of defendant's actions before the Court sets the amount of damages in a final judgment.

Plaintiff is entitled to recover costs under Federal Rule of Civil Procedure 54(d). Under 28 U.S.C. § 1920, the following types of expenses are considered "costs" under federal law:

> fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

*Mota v. Univ. of Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). "[F]ederal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)). In the Fifth Circuit, courts generally award costs for private

---

[21]   R. Doc. 22-7.

process servers as well as for service effected by the United States Marshals, but those costs are limited to the amount charged by the Marshals. *See, e.g.*, *Ill. Cent. R.R. Co. v. Harried*, No. 5:06cv160-DCB-JMR, 2011 WL 283925, at *2 (S.D. Miss. Jan 25, 2011). The Marshals collect $55 per hour plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a). Plaintiff has submitted two bills from private process servers along with her motion for default judgment.[22] The Court will give plaintiff an opportunity to re-submit a claim for costs for service of process that reflects the rates mandated by 28 C.F.R. § 0.114. Plaintiff may also submit evidence of any other costs allowed by 28 U.S.C. § 1920 at that time.

Finally, plaintiff requests attorneys fees. This request is denied, because plaintiff has presented no statutory or contractual basis for recovering attorneys' fees. *See Kessler v. Pa. Nat'l Mut. Cas. Ins. Co.*, 531 F.2d 248, 255 n.30 (5th Cir. 1976) (attorneys' fees "may be recovered only when they are authorized by statute or provided for by agreement").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for a default judgment in part. Defendant Clifton Powell is adjudged liable to plaintiff Kiyante Myers for committing assault, battery, and intentional infliction of emotional

---

[22] *See* R. Doc. 22-8 at 1-4.

distress. The Court leaves open the issue of the quantum of damages and costs recoverable by plaintiff, pending plaintiff's submission of relevant evidence. Plaintiff is ordered to provide such evidence to the Court within THIRTY DAYS of this order.

New Orleans, Louisiana, this 23rd day of July, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE