UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIYANTE MYERS | CIVIL ACTION |
| VERSUS | NO. 12-2181 |
| CLIFTON POWELL | SECTION "R" (5) |

## ORDER AND REASONS

Defendant Clifton Powell moves, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), to vacate the default judgment entered against him on August 30, 2013.¹ In the alternative, Powell moves to dismiss under Rule 12(b)(5) and for a stay under Rule 12(b)(5).² Plaintiff Kiyante Myers opposes the motion.³ For the following reasons, Powell's Motion for vacatur is granted, and his motions to dismiss and stay are denied as moot.

### I. BACKGROUND

On August 31, 2012, plaintiff Kiyante Myers filed a complaint seeking damages for assault, battery, and intentional infliction of emotional distress that she allegedly suffered at the hands of defendant Clifton Powell.⁴ Myers

---

¹ R. Doc. 36.
² *Id.*
³ R. Doc. 41.
⁴ R. Doc. 1.

alleged that on the night of August 28, 2011, she went to defendant's hotel room, where the two began engaging in consensual sex.[5] Later that night, Powell wanted to engage in sexual relations again, but Myers declined, saying that Powell had been too rough the first time.[6] After convincing Myers to acquiesce, Powell allegedly began "pushing" and "choking" Myers, penetrated her anus with his fingers, and forcefully continued having sex with her against her will.[7] Myers alleged that this experience caused her to incur "medical and legal expenses" and to suffer "stress, emotional distress and mental pain and suffering" as well as "physical pain and suffering."[8]

On July 23, 2013, the Court ordered entry of a default judgment against Powell.[9] It its order, the Court found that Powell had been served with process on May 21, 2013, but had failed to plead or otherwise defend against Myers' claims.[10] The Court further found that Myers' complaint states a *prima facie* case of assault and battery under Louisiana law.[11] After taking evidence regarding the quantum of damages, the Court awarded Myers

---

[5] *Id.* at 4.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 5.
[9] R. Doc 27.
[10] *Id.* at 6.
[11] *Id.*

$3095.50 in medical expenses and $150,000 in general damages.[12] The Court entered default judgment against Powell on August 30, 2013.[13]

Powell now moves to set aside this default judgment. Alternatively, Powell moves for dismissal under Rule 12(b)(5) or stay under Rule 62(b)(4). In support of his motion, Powell asserts that he was never served with a summons or complaint in this case, and only learned about this case through media reports.[14] Powell further asserts that once he learned he had been sued, he retained an attorney, Roderick Bickerstaff, to defend him.[15] Powell blames his failure to appear in this case on his attorney, and states that Bickerstaff "effectively abandoned him."[16] Powell explains his failure to inquire regarding this case by saying that that he assumed it had been resolved along with the related criminal investigation.[17]

Powell also asserts that he has a meritorious defense to Myers' claims. Powell denies assaulting Myers, and states that the two had only consensual sex.[18] In support of his defense, Myers points to an affidavit completed by the lead detective on the related criminal investigation, Detective Damita

---

[12] R. Doc. 30 at 6.
[13] R. Doc. 31.
[14] R. Doc. 36-3 at 1.
[15] *Id.* at 2.
[16] R. Doc. 36-1 at 2.
[17] R. Doc. 36-3 at 2.
[18] *Id.* at 1.

3

Williams of the New Orleans Police Department.[19] Detective Williams states, in part:

> Through my investigation I found Ms. Kiyante Myers' claims to be unfounded; specifically because when I asked Ms. Kiyante Myers was she forced or intimidated to commit any sexual intercourse with Mr. Powell she replied "No."[20]

In response, Myers argues that Powell has strategically chosen to ignore service and this case. She points to an affidavit of service completed by Gilbert Garcia to support her claim that Powell was properly served. Because the Court finds that the judgment is void under Rule 60(b)(4) for lack of proper service, the Court does not consider Powell's arguments concerning attorney abandonment or whether Powell's defense is meritorious.

## II. LEGAL STANDARD

A litigant may petition a court to vacate a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b) provides for relief where the judgment is void. Fed. R. Civ. P. 60(b)(4). If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, Inc., 635 F.2d 434, 435 (5th Cir. 1981).

---

[19] R. Doc. 36-4
[20] *Id.*

4

In a Rule 60(b)(4) motion asserting insufficient service, the moving defendant has the burden of showing he is not subject to the court's jurisdiction. *Jackson v. Fratelli Tanfoglio Di Tanfoglio Bortolo & C.S.N.C.*, 310 F. App'x 629, 631 (5th Cir. 2009). In most cases, "[t]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (internal modifications omitted). "When, however, the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion—the judgment is either void or it is not." *Recreational Properties, Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986). Accordingly, "if a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside." *Id.* Actual knowledge that the suit is pending does not eliminate the requirement of proper service, because a "defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds." *Jackson v. FIE Corp.*, 302 F.3d 515, 522 (5th Cir. 2002); *see also Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 24 (1st Cir. 1992) ("The federal courts have made it abundantly clear

5

that actual notice itself, without more, is insufficient to satisfy the requirements of Fed. R. Civ. P. 4(d)(1).").

## III. DISCUSSION

It is undisputed that Powell was never personally served in this case. Rule 4(e), however, permits plaintiffs to effectuate service by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(b). Alternatively, service may be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This action is brought in Louisiana and service was attempted in California. Therefore if Powell was properly served under either state's law, or under Rule 4(e)(2)(b), this Court may properly exercise personal jurisdiction over him.

In his affidavit of service, Gilbert Garcia attests that he served "Kerry Powell" at "8601 Lincoln Blvd., Los Angeles, CA" on May 21, 2013.[21] Garcia gives no apartment number, and the affidavit describes Kerry as Clifton

---

[21] R. Doc. 20.

6

Powell's daughter.[22] Myers also states in her brief, without citation, that Garcia "approached the 'K. Powell' at the entrance to the apartment building and served her as she exited the building."[23] Myers further asserts, again without citation, that the person Garcia served acknowledged that she was a relative of Clifton Powell's and that she would deliver the summons to him.[24]

In response, Powell attests that he has no daughter named Kerry; his only daughter is named Maya and Maya has never lived at the Lincoln Boulevard apartment.[25] Myers does not dispute Powell's attestations concerning his daughter, but states, again without citation, that Powell has a wife named Kimberley, and implies that she may have been the "Kerry" who received service.

That the person Garcia claims to have served apparently does not exist is enough to greatly undermine Myers' case for proper service. But even assuming that service occurred as Myers claims, the Court finds that it was not performed at Powell's "dwelling or usual place of abode" and therefore cannot satisfy Rule 4(e)(2)(b).

---

[22] *Id.*
[23] R. Doc. 41 at 11.
[24] *Id.* at 11-12.
[25] R. Doc. 36-3 at 2.

7

Myers maintains that Garcia "approached the 'K. Powell' at the entrance to the apartment building and served her as she exited the building."[26] Courts have repeatedly held that, when a defendant resides in an apartment building, service performed at another apartment in the same building is inadequate. *See Precision Etchings & Findings,* 953 F.2d at 24 ("It has been held directly that delivery of process to a different apartment in the same building is not sufficient service."); *Di Leo v. Shin Shu*, 30 F.R.D. 56 (S.D.N.Y. 1961) (service on daughter of defendant who resided in separate apartment not sufficient); *see also* 4A Wright & Miller, *Federal Practice and Procedure* § 1096 (4th ed. 2016) ("service made at an apartment other than the defendant's apartment in a multiple-unit building has been held invalid"). It follows that a defendant must be served at his actual apartment, not merely somewhere in—or near—the appropriate building. This is particularly true when the defendant lives in a large apartment complex. In this case, defendant asserts that the apartment in question is part of a community of more than 400 units, spread over several acres, that all share a single street address.[27] Because Myers admits that the process server handed the summons and complaint to someone other than Powell, and did

---

[26] R. Doc. 41 at 11.
[27] R. Doc. 36-1 at 13.

8

not do so at Powell's actual dwelling, Myers did not properly effect service under Rule 4(e)(2)(b).

This same "actual-apartment" restriction exists under Louisiana's law of domiciliary service. *Rehage v. Hayford*, 74 So. 711, 712 (1917) (domiciliary service provision was not intended to provide that "a person living in an apartment in a house divided into many apartments occupied by different persons should be bound by service of process directed to him, but delivered to an entire stranger living in the house, but occupying another apartment."). Myers therefore did not adequately serve Powell under Louisiana law. Furthermore, Louisiana requires service at the defendants domicile—as opposed to merely a "place of abode"—and Powell denies that the Lincoln Boulevard apartment was his domicile at the time of service. Myers' provides no convincing evidence to counter this assertion.

Finally, under California's law of "substitute service," service may be performed by leaving a summons at the defendant's "dwelling house [or] usual place of abode." Cal. Civ. Pro. Code § 415.20. "The terms 'dwelling house' and 'usual place of abode' utilized in the California substitute service statute 'take their meanings from federal law.'" *Reynolds Corp. v. Nat'l Operator Servs., Inc.*, 208 F.R.D. 50, 53 (W.D.N.Y. 2002) (quoting Judicial Counsel Comment to Cal. Civ. Pro. Code § 415.20). The Court therefore sees

9

no reason to interpret this language to mean anything different than the federal statute. Furthermore, before such service is accepted, the plaintiff must show that she has exercised "reasonable diligence" in attempting personal service. Cal. Civ. Pro. Code § 415.20.; *see also Fed. Trade Comm'n v. Bus. Team, LLC*, 654 F. App'x 288, 288 (9th Cir. 2016) ("numerous unsuccessful attempts at personal service" sufficed to show reasonable diligence). Myers has made no such showing. Accordingly, Myers cannot establish that her attempted service was proper under California law.

For these reasons the Court finds that, even taking Myers' challenged narrative of how service took place at face value, Powell has met his burden to show that he was not properly served under Rule 4. Accordingly, the default judgment entered on August 30, 2013 is void and must be vacated.

### IV. CONCLUSION

For the foregoing reasons, Clifton Powell's Motion for Relief Pursuant to Rules 55(c) and 60(b) is GRANTED. Powell's motions to dismiss under Rule 12(b)(5) and stay under Rule 62(b)(4) are DENIED AS MOOT. Myers has failed to effect proper service of process, and this Court therefore has no jurisdiction over Powell. Powell, however, has agreed to accept service on

his attorney, Eric M. Carter, Sr.[28]  Myers is ORDERED to serve Powell, through his attorney, within seven days of this Order.

New Orleans, Louisiana, this __24th__ day of January, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[28]  R. Doc. 54 at 7.