UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIYANTE MYERS | CIVIL ACTION |
| VERSUS | NO. 12-2181 |
| CLIFTON POWELL | SECTION "R" (5) |

# ORDER AND REASONS

Before the Court is plaintiff's motion to dismiss defendant's counterclaims.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of allegations of sexual assault against Defendant Clifton Powell.[2] Plaintiff Kiyante Myers states that, on the night of August 28, 2011, she agreed to go out with Powell, and they initially engaged in consensual sexual relations.[3] Later that night, Powell allegedly wanted to engage in sexual relations again, but Myers declined, saying that Powell had been too rough the first time.[4] After convincing Myers to acquiesce, Powell allegedly pushed and choked Myers, penetrated her anus with his fingers,

---

[1] R. Doc. 68.
[2] R. Doc. 1.
[3] *Id.* at 3-4.
[4] *Id.* at 4.

refused her request to stop, and forcefully continued having sex with her against her will.[5]

Powell acknowledges having sexual relations with Myers on August 28, 2011, but he asserts that these relations were consensual.[6] According to Powell's counterclaim, Myers requested a sexual assault examination at University Hospital the next day.[7] After speaking with Myers, a nurse at the hospital contacted the New Orleans Police Department to report a sexual assault.[8] A police detective was then dispatched to the hospital to question Myers about the alleged assault.[9] According to Powell, the police detective investigated Myers's claim of sexual abuse and concluded that her allegations were without merit.[10] Powell was not arrested or charged with a criminal offense against Myers.[11]

---

5   *Id.*
6   R. Doc. 61 at 10.  The parties provide slightly different accounts of the dates of these events.  Myers asserts that the alleged sexual assault occurred during the night of August 28, 2011, to August 29, 2011.  *See* R. Doc. 1 at 1, 3-4.  In his answer, Powell admits that he met Myers at a casino bar on the evening of August 28, 2011, and agreed to go out with her that night.  *See* R. Doc. 1 at 3 ¶¶ 13-14; R. Doc. 61 at 3 ¶¶ 13-14.  But Powell's counterclaim states that he engaged in consensual sexual relations with Myers in the late hours of August 27, 2011, and on August 28, 2011.  *See* R. Doc. 61 at 10.
7   R. Doc. 61 at 11.
8   *Id.*
9   *Id.*
10  *Id.* at 12.
11  *Id.*

On August 31, 2012, Myers filed a complaint against Powell seeking damages for assault, battery, and intentional infliction of emotional distress.[12] Powell did not answer or otherwise defend against the complaint, and the Court entered default judgment against him on August 30, 2013.[13] On June 27, 2016, Powell moved for relief from the default judgment.[14] Powell argued that he was never properly served with process.[15] Powell further asserted that he was aware of Myers's initial claim and fully cooperated with the police investigation.[16] Powell stated that he learned of this lawsuit from a member of the media over one year after the police investigation.[17] Powell asserted that he hired an attorney to represent him in this suit, but his attorney effectively abandoned him.[18] On January 24, 2017, the Court granted Powell's motion to vacate the default judgment because of improper service of process.[19] The Court later granted Myers's motion for a new trial and reopened the case.[20]

---

[12] R. Doc. 1.
[13] R. Doc. 31.
[14] R. Doc. 36.
[15] R. Doc. 36-1 at 10.
[16] *Id.* at 18.
[17] *Id.*
[18] *Id.* at 19-20.
[19] R. Doc. 55.
[20] R. Doc. 58.

On April 3, 2017, Powell filed an answer and counterclaims for defamation, defamation per se, and intentional infliction of emotional distress.[21] Myers now moves to dismiss the counterclaims under Federal Rule of Civil Procedure 12(b)(6).[22] Powell has not responded to this motion.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal

---

[21] R. Doc. 61.
[22] R. Doc. 68.

4

conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. Defamation

Powell asserts counterclaims of defamation and defamation per se.[23] Under Louisiana law, "[f]our elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Kennedy v. Sheriff of East Baton Rouge*, 935 So. 2d 669, 674 (La. 2006). "In other words, a plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff

---

23    R. Doc. 61 at 15-19.

5

damages." *Fitzgerald v. Tucker*, 737 So. 2d 706, 715-16 (La. 1999) (internal quotation omitted). Falsity, malice (or fault), and injury may be presumed if "a plaintiff proves publication of words that are defamatory per se," although this presumption is rebuttable. *Kennedy*, 935 So. 3d at 675. "Words which expressly or implicitly accuse another of criminal conduct . . . are considered defamatory per se." *Id.*

Powell's counterclaim for defamation per se states that, "[o]n or about August 28th and 29th, 2011, and at various times continuing through the present day, Ms. Myers made false statements to third parties that Mr. Powell assaulted, battered and raped her."[24] The counterclaim further states that Myers and her attorneys or agents published defamatory statements to third parties, and these statements tarnished Powell's reputation and resulted in negative media coverage and public reaction.[25] But Powell's counterclaims for defamation per se and defamation provide no additional details regarding any specific statements made after August 29, 2011. The Court finds that Powell's allegations that Myers made defamatory statements after August 29, 2011 are too vague to raise his right to relief above a speculative level. *See Twombly*, 550 U.S. at 555.

---

[24] R. Doc. 61 at 15.
[25] *Id.* at 16.

Myers argues that Powell is time-barred from bringing a defamation claim based on statements made in August 2011.[26] Defamation claims in Louisiana are subject to the one year prescriptive period for delictual actions. *See Alexander v. Times-Picayune LLC*, 221 So. 3d 198, 203 (La. App. 4 Cir. 2017); *Clark v. Wilcox*, 928 So. 2d 104, 112 (La. App. 1 Cir. 2005). The prescriptive period "commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492; *see also Alexander*, 221 So. 3d at 203 ("Generally, in the context of defamation, prescription begins to run from the date of the publication of the allegedly defamatory remarks.").

In Louisiana, "[t]he burden of proof is normally on the party pleading prescription; however, if on the face of the petition it appears that prescription has run . . . the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period." *Younger v. Marshall Indus., Inc.*, 618 So. 2d 866, 869 (La. 1993); *see also Eastin v. Entergy Corp.*, 865 So. 2d 49, 54 (La. 2004). Because Powell asserts that Myers made false statements in August 2011, his counterclaims for defamation and defamation per se are facially prescribed. *See Lyons v. Knight*, 65 So. 3d 257, 260 (La. App. 3 Cir. 2011). Powell has not responded to this motion, and has offered no basis to infer that his claims are timely because of a suspension or

---

[26] R. Doc. 68-1 at 7-8.

interruption of the prescriptive period. Accordingly, the Court finds that Powell's counterclaims of defamation per se and defamation are prescribed.

### B. Intentional Infliction of Emotional Distress

Powell's counterclaim for intentional infliction of emotional distress is subject to the same one year prescriptive period as his defamation claims, and is based on the same factual allegations. *See King v. Phelps Dunbar, LLP*, 743 So. 2d 181, 187 (La. 1999); *see also* La. Civ. Code art. 3492. Powell asserts that he suffered emotional distress because of Myers's defamatory statements, and he offers no details regarding any specific conduct by Myers after August 2011.[27] Thus, this counterclaim is also prescribed.

Defendant has not responded to this motion or sought leave to amend his counterclaims. Because defendant's counterclaims for defamation, defamation per se, and intentional infliction of emotional distress have long been prescribed, the Court dismisses these claims with prejudice.

---

[27] R. Doc. 61 at 19-20.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion is GRANTED. Defendant's counterclaims for defamation, defamation per se, and intentional infliction of emotional distress are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __30th__ day of January, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE