UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIYANTE MYERS | CIVIL ACTION |
| VERSUS | NO. 12-2181 |
| CLIFTON POWELL | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is plaintiff's unopposed motion to enforce a settlement agreement.[1] Because the record indicates the parties agreed to an enforceable compromise of plaintiff's claims, the motion is granted.

## I. BACKGROUND

This case arises out of allegations of sexual assault against defendant Clifton Powell.[2] Plaintiff Kiyante Myers alleges that on or about August 28, 2011, defendant sexually assaulted her by pushing and choking her, penetrating her anus with his fingers, refusing her requests to stop, and forcefully continuing to have sex with her against her will.[3] Defendant

---

[1] R. Doc. 73.
[2] R. Doc. 1.
[3] *Id.* at 4 ¶¶ 20-22.

acknowledges that he had sexual relations with plaintiff, but he asserts the relations were consensual.[4]

On April 18, 2018, plaintiff and defendant notified the Court that they had agreed to a settlement of plaintiff's claims.[5] The Court then issued an order of dismissal, which provided that either party could reopen the case if the settlement was not consummated within sixty days.[6] On June 15, 2018, plaintiff filed (1) a motion to enforce the agreement the parties entered into,[7] and (2) a motion to extend the deadline for consummating the settlement agreement.[8] Plaintiff explained in her motions that defendant had failed to make the payment due under the terms of the parties' agreement.[9] The Court granted plaintiff's motion to extend the settlement deadline, and extended the deadline by thirty days.[10] On August 8, 2018, plaintiff again moved to extend the settlement deadline because defendant had still not tendered payment.[11] The Court granted this motion, and extended the deadline by an additional ninety days.[12] There has been no activity in this matter since the

---

[4] R. Doc. 61 at 10.
[5] R. Doc. 73-4 at 2.
[6] R. Doc. 71.
[7] R. Doc. 73.
[8] R. Doc. 72.
[9] R. Doc. 73-1 at 4-5.
[10] R. Doc. 75.
[11] R. Doc. 76.
[12] R. Doc. 78.

Court granted that motion. The Court now rules on plaintiff's pending motion to enforce the settlement agreement.

II. **DISCUSSION**

The Court has jurisdiction to rule on plaintiff's motion to enforce the settlement agreement even though it previously dismissed the action. In the order of dismissal, and in the two orders granting the parties extensions to consummate the agreement, the Court specifically stated that it "retain[ed] jurisdiction to enforce the settlement agreement if settlement is not consummated" within the relevant time periods.[13] These statements extended the Court's ancillary jurisdiction to rule on the present motion. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (a court may retain jurisdiction over a settlement agreement by including in its order of dismissal a provision stating that it intends to retain jurisdiction); *AMTAX Holdings 303, LLC v. Phase I Mgm't, LLC*, No. 06-2499, 2014 WL 4966103, at *2 (E.D. La. Oct. 2, 2014).

Louisiana law applies to plaintiff's motion because the Court's jurisdiction is based on the parties' diversity of citizenship. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Louisiana law provides that a settlement,

---

[13] R. Doc. 71; R. Doc. 75; R. Doc. 78.

or "compromise" agreement, "is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La. Civ. Code art. 3071. The agreement must "be made in writing or recited in open court" to be enforceable. La. Civ. Code art. 3072. Emails and text messages can qualify as signed writings under this provision. *Preston Law Firm, LLC v. Mariner Health Care Mgm't Co.*, 622 F.3d 384, 391 (5th Cir. 2010); La. R.S. 9:2607 ("A record or signature may not be denied legal effect or enforceability solely because it is in electronic form."). Louisiana law does not require all of the terms of a settlement agreement to be contained in one document. *Parich v. State Farm Mut. Ins. Co.*, 919 F.2d 906, 913 (5th Cir. 1990). Instead, "multiple documents which, when read together, outline the obligations of each party and evidence each party's acquiescence in the agreement may effect a valid compromise agreement." *Id.* "There are two essential elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences." *Preston Law Firm, LLC*, 622 F.3d at 390 (quoting *Klebanoff v. Haberle*, 978 So. 2d 598, 602 (La. App. 2 Cir. 2008)).

Here, defendant's counsel sent a text message to plaintiff's counsel that stated: "We have a deal. [Defendant] needs until 4/15/18 to have the

$60,000."[14]  Both plaintiff's and defendant's counsel then contacted the Court via email, and stated that the parties "agreed to a settlement amount of $60,000 for release of all claims."[15]  Defendant, through his counsel, thus explicitly agreed to pay plaintiff $60,000 in exchange for plaintiff releasing her claims.  These writings evidence a valid and enforceable compromise of plaintiff's claims under Louisiana law.  *See id.* at 391 (finding that a valid compromise existed because email traffic between the parties "outline[d] the obligations each party ha[d] to the other and evidence[d] [the defendant's] acquiescence in the agreement").  The Court therefore grants plaintiff's motion to enforce the settlement agreement.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion is GRANTED.

New Orleans, Louisiana, this __5th__ day of December, 2018.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14]  R. Doc. 73-5 at 1.
[15]  R. Doc. 73-4 at 2.